UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER L. EDWARDS,

        Petitioner,

v.                                           Case No. 5:20-cv-223-J-34PRL

BRAD KING, STATE ATTORNEY, et al.,

        Respondents.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner Christopher Edwards, a pretrial detainee, initiated this action on May 14, 2020,[1] by filing a pro se petition for writ of habeas corpus (Petition; Doc. 1). In the Petition, Edwards requests that the Court dismiss two of his pending state criminal cases.[2] Petition at 1. Generally, federal courts should not interfere with pending state court criminal proceedings. Younger v. Harris, 401 U.S. 37, 46 (1971). "Federal courts have consistently recognized this limitation on enjoining state criminal prosecutions unless one of a few narrow exceptions is met." Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 (11th Cir. 2004). Those exceptions are: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur,[3] or (3) there is no adequate alternative

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] Because Edwards brings this petition during the pre-trial posture of his criminal proceedings, the Court construes the Petition as if filed pursuant to 28 U.S.C. § 2241. Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1261 (11th Cir. 2004).
[3] The Court notes that "certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." Younger, 401 at 46. To establish irreparable harm, "the threat to the [petitioner's] federally protected

state forum where the constitutional issues can be raised." Id. at 1263, n.6 (citing Younger, 401 U.S. at 45, 53-54). Here, Edwards has not alleged the existence of any exception to this general principle; therefore, the Petition is due to be dismissed. The Court additionally advises Edwards that the Court has approved the use of forms for habeas corpus cases under 28 U.S.C. § 2241. The Court will direct the Clerk of Court to send Edwards the proper form for his use if he chooses to refile. Accordingly, it is

**ORDERED:**

1. Edwards's Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice and closing this case.

3. The **Clerk of Court** shall send Edwards a 28 U.S.C. § 2241 habeas corpus petition form. Edwards should use the appropriate form if he decides to initiate a new case in this Court. He should not put this case number on either form, because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** in chambers, this 26th day of May, 2020.

MARCIA MORALES HOWARD
United States District Judge

Jax - 8
c:
Christopher L. Edwards #65511

---

rights must be one that cannot be eliminated by his defense against a single criminal prosecution."

2